# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Yausmenda Freeman, | Case No. 2:21-cv-01041-GMN-BNW |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION AND ORDER** |
| Santander Consumer USA, Inc., | |
| Defendant. | |

Petitioner, Yasumenda Freeman, is proceeding in this action pro se. Petitioner filed a petition to perpetuate testimony pursuant to Fed. R. Civ. P. 27. It appears Petitioner is attempting to request a court order to perpetuate the testimony of Santander Consumer USA, Inc. (Santander) pursuant to Fed. R. Civ. P. 27. To that end, Petitioner filed several documents: Affidavit in Support of Notice and Demand (ECF No. 1), Notice of Jurisdiction (ECF No. 7), and Petition to Perpetuate Testimony (ECF No. 8).

Respondent Santander moved to strike the document at ECF No. 1 as fugitive and for failure to follow several Federal Rules of Civil Procedure. ECF No. 2. Petitioner responded at ECF No. 6 but does not address the substantive issues raised in the motion to strike. Santander's reply restates many of the arguments made in its moving papers. ECF No. 9.

Petitioner recently filed a Motion for Leave to File an Amended Verified Petition. ECF No. 12. In this motion, Petitioner acknowledges certain deficiencies in her prior filings and requests leave to cure those deficiencies by amending the verified petition. *Id*. at 2-3.

**I.    Analysis**

First, it does not appear that a motion to amend under Fed. R. Civ. P. 15 is proper. Fed. R. Civ. P. 15 applies only to "pleadings," which are defined under Fed. R. Civ. P. 8. An amended petition under Fed. R. Civ. P. 27 is not a "pleading." As a result, the court will construe that motion (at ECF No. 12) as an amended verified petition which attempts to cure the deficiencies noted by Petitioner in the previous requests (ECF Nos. 1 and 8).

The Court reviewed the amended verified petition and finds it does not meet the requirements of Fed. R. Civ. P. 27, as explained in more detail below. As a result, the Court will recommend the denial of the amended verified petition to perpetuate testimony (ECF No. 12) and deny ECF No. 2 as moot.

The text of Fed. R. Civ. P. 27 requires that a petition take a certain form and contain certain information. Specifically, Rule 27(a)(1) provides:

> A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
>
> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27.

Here, Petitioner failed to comply with these procedural requirements in several respects.

It appears Petitioner is claiming that although she financed the purchase of a car through CarMax, she does not owe money to CarMax or its assignee, Santander. Thus, her claims sound in breach of contract. Petitioner also claims that Santander improperly reported her as a debtor to different credit reporting agencies, which presumably means she is attempting to bring claims under the Fair Credit Reporting Act. Assuming the Court is correct in interpreting Petitioner's claims, the Court would have jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over other state-based claims under 28 U.S.C. § 1367. Additionally, these facts state the subject matter of the expected action and the petitioner's interest.

However, Petitioner's stated reasons for not being presently able to bring a suit are not valid. Petitioner explains that she cannot presently bring this action because she is still waiting to see whether the IRS will reimburse her for certain garnishments caused by Santander. This is not a valid reason for not initiating her claims against Santander. The Ninth Circuit has found that a petitioner's attempt to invoke Fed. R. Civ. P. 27 to perpetuate testimony was inappropriate when the Petitioner was able to bring his action and would be able to conduct discovery subsequently. *Green v. Robinson*, 53 F.3d 338 (9th Cir. 1995) (unpublished) (*citing Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir. 1981)). Here, Petitioner can commence her action and obtain the sought testimony through the regular discovery process.

Also, Petitioner does not explain the need to perpetuate this testimony. Fed. R. Civ. P. 27(a)(1)(C) requires a person who wants to perpetuate testimony to state the reasons that perpetuation is necessary. Petitioner simply states that it is necessary to "prevent the failure or delay of justice and the loss or destruction of evidence." ECF No. 12 at 19. But this conclusory statement does not provide sufficient facts upon which the Court can properly assess the need at hand. The Third Circuit has held that, absent the risk evidence will change or degrade, Rule 27 is not satisfied because there is no need to "perpetuate" anything. *Ash v. Cort,* 512 F.2d 909, 911 (3d Cir. 1975); *see also State of Nev. v. O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995) (citing *Ash* with approval). Petitioner does not explain why or how the evidence will change or degrade absent the perpetuation of testimony.

As to the two remaining factors, Petitioner has sufficiently complied with the rule.

"The grant or denial of a petition to preserve testimony is within the discretion of the Court." *In re Provident Life*, 2013 WL 3946517, *1, citing *State of Nevada v. O'Leary*, 151 F.R.D. 655, 657 (D. Nev. 1993) aff'd, 63 F.3d 932 (9th Cir.1995). These procedural and substantive failures to comply with the text of Fed. R. Civ. P. 27 are, by themselves, reasons to deny the relief sought.

**II.     Conclusion**

Accordingly, **IT IS HEREBY RECOMMENDED** that the amended petition (ECF No. 12) be **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Strike (ECF No. 2) is **DENIED** as moot.

DATED: July 19, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE