UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YAUSMENDA FREEMAN, ) <br> ) <br>              Plaintiff, ) <br>   vs. ) <br> ) <br> SANTANDER CONSUMER USA, INC., ) <br> ) <br>             Defendant. ) <br> ) | Case No.: 2:21-cv-01041-GMN-BNW <br><br> **ORDER** |

     Pending before the Court is Plaintiff Yausmenda Freeman's ("Petitioner's") Objection, (ECF No. 14), to the Magistrate Judge's Report and Recommendation, (ECF No. 13), recommending that the Court deny Petitioner's Motion for Leave to File Amended Verified Petition, (ECF No. 12), and deny as moot Defendant Santander Consumer USA, Inc.'s ("Respondent's") Motion to Strike, (ECF No. 2).

     Further pending before the Court is Respondent's Motion to Strike, (ECF No. 2). Petitioner filed a Response, (ECF No. 6), and Respondent filed a Reply, (ECF No. 9).

     Also pending before the Court is Petitioner's Motion for Leave to File Amended Verified Petition, (ECF No. 12).

     Further pending before the Court is Petitioner's Motion to Vacate, (ECF No. 16).[1] Respondent filed a Response, (ECF No. 17), and Petitioner filed a Reply, (ECF No. 18).

     For the reasons discussed below, the Court **DENIES** Petitioner's Objection and Motion for Leave to File Amended Verified Petition, **ADOPTS in part and REJECTS in part** the

---

[1] Petitioner's Motion to Vacate is effectively moot because the Court denies Plaintiff's Objection and adopts the Magistrate Judge's Report and Recommendation regarding denying Petitioner's Motion for Leave to File Amended Verified Petition. Accordingly, the Court denies as moot Plaintiff's Motion to Vacate.

Report and Recommendation, **DENIES as moot** Petitioner's Motion to Vacate, and **GRANTS** Respondent's Motion to Strike.

## I. BACKGROUND

This action arises from a former miscellaneous case, bearing the case number 2:21-ms-00029. On May 10, 2021, Petitioner filed a miscellaneous document, consisting of an Affidavit in Support of Notice and Demand. (*See generally* Aff., ECF No. 1). In the Affidavit, Petitioner demands Respondent pay her $4,242,157.83 for various causes of action. (*See id.* at 10–11). On June 2, 2021, the Court converted the case to the regular civil docket when Respondent contested it by moving to strike Petitioner's Affidavit as fugitive and for failing to follow several Federal Rules of Civil Procedure. (*See* Mot. Strike 1:19–2:2, ECF No. 2); (*see also* Min. Order, ECF No. 4). Petitioner responded but does not address the substantive issues raised in the Motion to Strike. (*See generally* Resp. Mot. Strike, ECF No. 6). Later, Petitioner filed a Petition to Perpetuate the Testimony ("Petition") of Respondent pursuant to Fed. R. Civ. P. 27. (*See* Pet. Perpetuate Testimony ("Pet.") 2:9–11, ECF No. 8). Petitioner also filed a Motion for Leave to File Amended Verified Petition. (*See generally* Mot. Leave File Am. Verified Pet. ("Mot. Leave"), ECF No. 12). In the Motion for Leave to File, Petitioner acknowledges certain defects in her prior filings and requests leave to cure those deficiencies by amending the Petition. (*Id.* at 2–3). The Magistrate Judge, through a Report and Recommendation ("R&R"), recommends the Court to deny the Motion for Leave to File and to deny as moot Respondent's Motion to Strike. (R&R 3:27–4:2, ECF No. 13).

## II. LEGAL STANDARD

When reviewing the order of a Magistrate Judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A Magistrate Judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a

mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ, 2014 U.S. Dist. LEXIS 129489, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). When reviewing the order, however, the Magistrate Judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The District Judge "may not simply substitute its judgment" for that of the Magistrate Judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

## III.  DISCUSSION

The Magistrate Judge recommends that the Court should deny as moot Respondent's Motion to Strike. (*See* R&R 4:1–2). The R&R also recommends that the Court should deny Petitioner's Motion for Leave to File because the Motion does not comport with the procedural requirements of Fed. R. Civ. P. 27. (*See id.* 1:24–2:19, 3:1–25). Petitioner objects, arguing the R&R erroneously analyzed her Motion for Leave to File under Rule 27(a), but instead should have analyzed it under Rule 27(c). (Obj. 2:16–26, ECF No. 14). The Court turns first to the Motion to Strike and then addresses the Motion for Leave to File.

### a. Motion to Strike

The R&R recommends that the Court should deny as moot Respondent's Motion to Strike. The Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The decision to grant or deny a motion to

strike is vested in the trial judge's sound discretion. *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).  However, federal courts disfavor motions under Rule 12(f) and generally view them as a drastic remedy. *See, e.g.*, *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012); *Mag Instrument, Inc. v. JS Products Inc.*, 595 F. Supp. 2d 1102, 1006 (C.D. Cal. 2008); *Sorenson v. Countrywide Home Loans, Inc.*, 2010 WL 308794, at *2 (E.D. Cal. Jan. 12, 2010).  Further, "[t]he court is to strike 'fugitive documents,' which are those papers 'not allowed' by the Local or Federal Rules." *Jones v. Skolnik*, No. 3:10-cv-00162-LRH, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015) (citing Reiger v. Nevens, No. 3:12-cv-00218-MMD-VPC, 2014 WL 537613, at *3 (D. Nev. Feb. 14, 2014))

Here, the Magistrate Judge clearly erred by not explaining why it recommends denying as moot the Motion to Strike.  In its Motion, Respondents argue the Court should strike Petitioner's Affidavit because it does not comply with several rules of civil procedure. (Mot. Strike 1:25–2:26).  Petitioner responds that her Affidavit complies with Rule 27(c). (Resp. to Mot. Strike 2:27–3:1).  However, Petitioner's Affidavit runs afoul of Fed. Rs. Civ. P. 3 and 27.  In her Affidavit, Petitioner makes various allegations and seeks monetary damages against Respondents, but the proper way to commence a civil action is by "filing a complaint with the court." Fed. R. Civ. P. 3; (*see also* Aff. 2:2–9:21).  Even if the Court construes Petitioner's Affidavit as a petition to perpetuate testimony, as discussed in detail below, it fails to comport with Fed. R. Civ. P. 27(a). (*See generally* Aff.).  Since Petitioner's Affidavit violates several rules of civil procedure, the Court will strike the filing from the docket.  Accordingly, the Court rejects the Magistrate Judge's recommendation with respect to denying as moot Respondent's Motion to Strike and grants the Motion to Strike.  The Court turns now to the Petition.

### b. Petition to Perpetuate Testimony

Petitioner argues the R&R incorrectly applied the procedural requirements of Rule 27(a) to her Petition because she filed it under Rule 27(c). (*See* Obj. 6:1–27). Rule 27(c) "was not intended to expand the applicability of the other provisions of the Rule." *Nev. v. O'Leary*, 63 F.3d 932, 936–37 (9th Cir. 1995). The required showing is the same regardless of whether a petitioner relies on Rule 27(a) or Rule 27(c). *See Cole v. Bank of Am., LLC*, 2011 WL 13240402, at \*2 n.1 (D. Nev. Sept. 7, 2011); *see also* 6 MOORE'S FEDERAL PRACTICE, § 27.51 (3d ed.) (whether a request is brought under Rule 27(a) or Rule 27(c), the required showing is "almost identical"). These requirements have been found to apply in the context of Rule 27(c). *See, e.g.*, *Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 440 (7th Cir. 1994) (discovery may be obtained under Rule 27(c) for documents "if they are competent records, material to the matter in controversy, that cannot be obtained in ordinary discovery because the plaintiff is not yet in a position to initiate such an action, but that might be lost if the plaintiff cannot now obtain them").

To perpetuate testimony by taking a deposition before an action is filed, a petitioner must show that

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
> (B) the subject matter of the expected action and the petitioner's interest;
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1)(A); *O'Leary*, 63 F.3d at 935. The inability to presently bring an action or cause it to be brough cannot be premised on a lack of evidence that the deposition is meant to cure; the deposition cannot be used to gather facts to bring suit. *See, e.g.*, *Cole*, 2011 WL 13240402, at \*2. Moreover, a petitioner must plead with particularity the risk that the

1 testimony sought will be lost if not obtained immediately. *See Calderon v. U.S. Dist. Ct. for N.*
2 *Dist. of Cal.*, 144 F.3d 618, 621 (9th Cir. 1998); *Cole*, 2011 WL 13240402, at *2.

3 In the present case, the Magistrate Judge did not clearly err by recommending the Court
4 should deny the Motion for Leave to File because it does not comply with Rule 27(a).
5 Although Petitioner brought the Petition under Rule 27(c), it must comport with the procedural
6 requirements of Rule 27(a), which it does not do. *See O'Leary*, 63 F.3d at 936–37; *Cole*, 2011
7 WL 13240402, at *2 n.1. Petitioner explains she cannot presently bring an action because she
8 is in the middle of an audit with the Internal Revenue Service. (Obj. 11:25–12:8). However, as
9 the Magistrate Judge correctly reasons, this is not a valid reason not to commence a civil action
10 against Respondent through a complaint. (R&R 3:1–9). Petitioner can properly commence her
11 action and obtain the testimony she seeks through the ordinary course of discovery. *See Green*
12 *v. Robinson*, 53 F.3d 338 (9th Cir. 1995) (ruling that it is inappropriate to invoke Rule 27 to
13 perpetuate testimony if a petitioner is "presently able to bring [an] action and will be able to
14 conduct discovery subsequently").

15 Further, Petitioner contends that without perpetuating testimony, evidence to support a
16 future claim will be lost because Respondents are currently implementing new recordkeeping
17 procedures. (Obj. 7:10–20). However, Petitioner does not plead with particularity how
18 implementing new recordkeeping procedures leads to the "inevitable possibility that the
19 previous errors in [Respondent's] reporting and files will be lost, not acknowledged, or simply
20 claimed to have been fixed to fall into compliance." (Pet. 4:1–5:2). Petitioner claims
21 Respondents may lose her files by alleging that Respondent has changed the language of how
22 they report "70 charge offs on my credit profile." (*Id.* 4:20–22). However, changing language
23 of "charge offs" did not lead to any of Petitioner's records being lost; these changes do not
24 indicate Respondents will lose Petitioner's records. (*See id.* 4:1–5:2). As such, the Petition
25 does not satisfy the procedural requirements of Rule 27(a). Thus, the Court denies Petitioner's

Objection and adopts the R&R as to its recommendation that the Court deny Petitioner's Motion for Leave to File Amended Verified Petition.

In sum, Petitioner improperly commenced this action; she can properly commence an action and obtain the sought testimony through the normal discovery process. Accordingly, the Clerk is instructed to close the case. If Petitioner would like to commence a proper action, the Court instructs her to file a new action via complaint and not file anything further in this case.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 14), is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 13), is **ADOPTED in part and REJECTED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Verified Petition, (ECF No. 12), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate, (ECF No. 16), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike, (ECF No. 2), is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk is instructed to close the case.

**DATED** this __21__ day of March, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT